AO 91 (Rev. 11/11) Criminal Complaint (approved by AUSA José R. Arteaga)     Complaint No. 22-12

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| | |
|---|---|
| United States of America<br>v.<br>MICHAEL NIXON<br><br>*Defendant(s)* | ) ) ) ) ) ) )    Case No. 22-mj-175 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  December 22, 2021  in the county of  PHILADELPHIA  in the  EASTERN  District of  PENNSYLVANIA , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1951; and<br>18 U.S.C. § 924(c)(1) | Robbery which interfered with interstate commerce; and<br>Use, carrying and brandishing of a firearm during and in relation to a crime of violence. |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

/s Kyle M. Raguz
*Complainant's signature*

KYLE M. RAGUZ, ATF Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 02/02/2022

/s Marilyn Heffley
*Judge's signature*

City and state: PHILADELPHIA, PENNSYLVANIA

HONORABLE MARILYN HEFFLEY, U.S.M.J.
*Printed name and title*

**A F F I D A V I T**

I, Kyle M. Raguz, Special Agent, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), being duly sworn, state as follows:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and have been so employed since September 2015. I am a graduate of the Criminal Investigator Training Program and the Special Agent Basic Training Program at the Federal Law Enforcement Training Center ("FLETC") in Glynco, Georgia. I am currently assigned to a specialized enforcement group, the ATF Group VI Violent Crimes Task Force, whose primary mission is to investigate individuals and groups that are engaged in the commission of federal firearms and narcotics violations. Group VI investigates violent street gangs and groups in Philadelphia, Pennsylvania, including but not limited to their use of firearms during and in relation to the distribution of controlled substances and their involvement in the illegal trafficking of firearms. Additionally, our task force is a High Intensity Drug Trafficking Area ("HIDTA") Group.

2. Throughout the course of my career, I have investigated numerous firearm and drug-related offenses. These investigations have resulted in the seizure of various controlled substances, and firearms. I have also conducted numerous interviews with individuals charged with federal narcotics and firearms violations.

3. This affidavit is submitted in support of a criminal complaint and warrant for MICHAEL NIXON, FBI#88419WD9, for violations of Title 18, United States Code, Sections 1951 (robbery which interferes with interstate commerce), and 924(c) (using, carrying and brandishing of a firearm during and in relation to a crime of violence).

4. I obtained the information contained in this affidavit through my investigation and through the information relayed to me by federal agents, Philadelphia

1

Police Department ("PPD") detectives, police officers and victims[1]. Because I am submitting this affidavit for the limited purpose of securing an arrest warrant for MICHAEL NIXON, I have not included every fact known to me concerning this investigation but have rather set forth only facts necessary to establish probable cause.

     5.     On December 22, 2021, at approximately 5:44 p.m., MICHAEL NIXON forced victim #1, an employee of the Super Drug Pharmacy located at 2941 North 5th Street Philadelphia, Pennsylvania, back into the store as he/she was attempting to get to their car. Victim #1 reported to PPD detectives that NIXON began demanding of other pharmacy employees, namely victim #2 and victim #3, access to the narcotics in the store's controlled substances safe. Victim #1 told detectives that he/she was the one that knew the combination to the controlled substances safe and that he/she made NIXON aware of this at the time of the robbery. NIXON directed victim #1 to the safe and said something such as "*Put the narcotics in the plastic bags*." Victim #1 emptied the right side of the safe and placed bottles of controlled substances into the plastic bag and attempted to put the bag into a black adidas book bag that NIXON had on him. Victim #1 told investigators that NIXON told him/her to "*hurry up*" and pointed a black firearm at him/her multiple times. Victim #1 said once NIXON had the bottles of controlled substances, he attempted to leave the store through the back door but was confronted by victim #4. Victim #4 attempted to stop NIXON and got into a physical altercation with NIXON. NIXON was able to exit the store and run to a waiting blue Dodge Charger

---

[1] Victims 1, 2, 3 and 4 are individuals that are known to law enforcement and have been interviewed in connection with this investigation. They are believed to be truthful and credible, and their information has been corroborated by independent evidence derived from this investigation. Due to the violent incident in which they were victims, and in order to ensure their safety and security, they are referred to herein as Victims 1, 2, 3 and 4 as opposed to by name.

bearing Pennsylvania registration of LLK4897, and enter a passenger seat. Victim #1 described NIXON as a black male, 6 feet tall, stockier build, wearing a full black ski mask, and distinctive dark colored pants with a reflective stripe on them.

6. As NIXON was running to the vehicle, Philadelphia Police Department ("PPD") Narcotics Strike Force ("NSF") officers observed NIXON running from the store and enter the vehicle. At that time the NSF officers attempted to stop the vehicle, but the vehicle sped off at a high rate of travel and led PPD officers on a high-speed vehicle pursuit throughout the city of Philadelphia. PPD officers advised during the vehicle pursuit, they observed what appeared to be medicine bottles being thrown from the vehicle. PPD officers later went back to the route of travel and recovered multiple bottles of controlled substances, specifically alprazolam tablets (a Schedule IV controlled substance), and one (1) partially broken bottle containing Methylphenidate Hydrochloride tablets (a Schedule II controlled substance), that matched the substances stolen from the Pharmacy.

7. Following a minor vehicle accident at the 2100 block of Janey Street in Philadelphia, both NIXON and the driver of the vehicle were taken into police custody. The vehicle was towed to a PPD tow lot where it was held for a state search warrant. Victim #1 was brought by PPD officers to where NIXON was taken into custody and was able to positively identify NIXON based on his clothing, height, and weight, as the person that robbed the business. Additionally, PPD NSF officers that attempted the initial stop of NIXON and the vehicle were also able to make a positive identification of NIXON as being the individual observed running from the pharmacy and entering the vehicle.

8. PPD detectives executed state search warrant #249067 on the recovered blue Dodge Charger. Recovered from the vehicle were multiple unopened and opened bottles of various controlled substances, specifically one (1) unopened bottle of Endocet

(a Schedule II controlled substance), one (1) unopened bottle of Methylphenidate (a Schedule II controlled substance), one (1) unopened bottle of Alprazolam (a Schedule IV controlled substance), one (1) unopened bottle of amphetamine tablets (a Schedule II controlled substance), one (1) empty bottle of Methadone HCL (a Schedule II controlled substance), one (1) opened bottle of Methylphenidate HCI (a Schedule II controlled substance), one (1) opened bottle of Endocet (a Schedule II controlled substance), one (1) empty bottle of morphine sulfate (a Schedule II controlled substance), various loose pills, a "North Face" ski style jacket, a black in color "Nike" baseball style cap, a pair of black in color "New Balance" sneakers, a black in color "Adidas" backpack and a black in color face mask along with black rubber gloves and black zip ties.

9. Victims #2, #3 and #4, all provided statements to PPD detectives. In summary, victim #2 stated that he/she heard victim #1 screaming and saw NIXON with victim #1 on the floor. Victim #2 stated NIXON asked for the drugs and victim #1 gave him the drugs and then NIXON left the store. Victim #2 stated that NIXON had a black gun. In summary, victim #3 stated NIXON pulled victim #1 back into the store, pointed a firearm at everyone, demanded narcotics, and made threats to them. Victim #3 estimated that NIXON took between $30,000 to $50,000 worth of narcotics. In summary, victim #4 stated he was walking back into the store from the outside and observed the back door open. At some point, NIXON attempted to drag victim #4 into the store but victim #4 and NIXON got into a brief physical altercation before NIXON ran to a Dodge Charger.

10. While at East Detective Division ("EDD"), NIXON provided a video and audio recorded post-*Miranda* statement to detectives during which he confessed to robbing the Super Drug Pharmacy. NIXON admitted to discarding narcotics during the

4

vehicle pursuit and discarding what he described as a toy gun. During the statement, NIXON is wearing black pants which are identical to what is worn during the robbery.

11. As part of this investigation, I reviewed surveillance footage from the Super Drug Pharmacy and NIXON clearly appears to be wearing a black "Nike" hat, black jacket and identical black pants as seen in the EDD video recording of NIXON's statement. NIXON can also be seen wearing a ski mask and wearing black gloves. NIXON is seen forcing victim #1 back into the Super Drug Pharmacy from the rear of the store. During the review of the video, NIXON can be seen with a firearm in one hand and holding the back of victim's #1 jacket while pointing the firearm at multiple store employees and appearing to make demands to the employees. NIXON can be seen throughout the surveillance footage walking through out the back of the store while victim #1 empties narcotics into a black trash bag and then is seen fleeing the store.

12. On January 10, 2022, ATF Special Agent Logan Johnson and I conducted follow up interviews with the owner of the pharmacy and the victims of the robbery regarding the firearm and the items taken from the pharmacy. The owner stated that the business orders and receives items for sale, including controlled substances, that are provided from outside of the Commonwealth of Pennsylvania and provided investigators with copies of purchase invoices for some of those shipments. Therefore, I believe that the Super Drug Pharmacy is a business engaged in interstate commerce. Victims #2, #3, and #4 all advised that they are all familiar with firearms and all believed that NIXON was using a real firearm during the commission of the armed robbery. Victims #2, #3, and #4 described the firearm as a black, possible "Glock" style, semi-automatic firearm. I have reviewed the surveillance video from the robbery and the firearm held by NIXON

is black, and appears consistent, in size, shape and manner of being held with a "Glock" style semi-automatic firearm.

13. I submit there is probable cause to believe MICHAEL NIXON has violated Title 18, United States Code, Section 1951 (robbery which interferes with interstate commerce), and Title 18, United States Code, Section 924(c)(1) (using, carrying and brandishing of a firearm during and in relation to a crime of violence). As such, I request that this Court issue a warrant for the arrest of MICHAEL NIXON.

/s Kyle M. Raguz
KYLE M. RAGUZ
*Special Agent*
*Bureau of Alcohol, Tobacco,*
*Firearms, and Explosives*

Sworn and subscribe to before me
this 2d day of February, 2022

/s Marilyn Heffley
HONORABLE MARILYN HEFFLEY
*United States Magistrate Judge*
*Eastern District of Pennsylvania*